IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| THOMAS BARNEY HARRIS, SR.<br>JAMES WOOD<br>FELTON WILLIAMS<br><br>Plaintiffs,<br><br>v.<br><br>CSX TRANSPORTATION, INC.,<br><br>Defendant. | CIVIL ACTION NO.: CV290-618<br>CV294-008<br>CV590-258 |

## ORDER

Defendant has filed an Omnibus Motion in Limine. (<u>Harris</u>, Doc.77.) Plaintiffs have filed a response. Defendant seeks to exclude certain evidence at trial. After consideration, and following the numbered paragraphs of Defendant's motion, the Court rules as follows:

1. <u>Family Circumstances of the Plaintiffs</u> - seeking to exclude references to family illness, tragedy, <u>etc</u>. (emphasis added.) That portion of Defendant's motion is **Denied**. The Court can not now determine that all references to family circumstances are irrelevant. The Court will rule on objections to specific questions at trial.

2. <u>Reference to Other Employees' Injuries</u> - seeking to exclude any reference to any prior or subsequent injury involving any railroad employee other than Plaintiffs. That portion of Defendant's motion is

**Denied.** The Court will determine the relevance of specific questions at trial.

3. Workers' Compensation - seeking to exclude any remarks indicating that Plaintiffs are not covered by workers' compensation. That portion of Defendant's motion is **Granted**.

4. Relative Wealth of Defendant - seeking to exclude references to the relative wealth of Defendant as compared to Plaintiffs. That portion of Defendant's motion is **Granted**.

5. Punitive Comments - seeking to exclude any reference that the purpose of the trial or the jury verdict is to "send a message" to punish Defendant. That portion of Defendant's motion is **Granted.**

6. Lost Wages and Earning Capacity - seeking to exclude any reference to Plaintiffs' lost wages or future earning capacity. That portion of Defendant's motion is **Granted.**

7. Character Evidence - seeking to exclude any reference that Plaintiffs were good employees, received work commendations, or favorable job reviews. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

8. Reference to Plaintiffs by Their First Name or Nickname - seeking to direct parties and witnesses to refrain from addressing Plaintiffs by their first name or nickname. That portion of Defendant's motion is **Denied.**

AO 72A
(Rev. 8/82)

9. <u>No Duty to Monitor Health of Employees</u> - instructing counsel for Plaintiffs not to attempt to introduce evidence concerning whether or not Defendant monitored the health of Plaintiffs. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

10. <u>References to Other Toxic Substances</u> - instructing Plaintiffs and their counsel to refrain from attempting to introduce evidence of exposure to non-asbestos toxic substances. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

11. <u>Demonstrative Work Practice Evidence</u> - seeing to exclude evidence demonstrative of various work practices. That portion of Defendant's motion is **Denied.**

12. <u>Household Exposure Evidence</u> - seeking to exclude evidence of asbestos exposure as children from family members who worked with Defendant and brought asbestos fibers home on their clothes. That portion of Defendant's motion is **Denied.** The Court will determine the relevance of specific questions at trial.

SO ORDERED, this 29th day of September, 2005.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)